

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RECEIVED

*402 East State Street, Room 430*          *609-989-2190*
*Trenton, New Jersey 08608*          *Fax: 609 -989-2275*

June 29, 2020

September 15, 2020

At: 8:30_____.m

Andrea Bergman, Esq.
Federal Public Defender's Office
22 South Clinton Avenue
Station Plaza   4th Floor
Trenton, NJ 08609

WILLIAM T. WALSH

CLERK

Re:  <u>Plea Agreement with Cynthia Tarrago-Diaz</u>   3:20-Cr-779-01(FLW)

Dear Ms. Bergman:

This letter sets forth the plea agreement between your client, Cynthia Tarrago-Diaz ("Tarrago-Diaz"), and the United States Attorney for the District of New Jersey ("this Office").  The government's offer to enter into this plea agreement will expire on July 10, 2020 if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Tarrago-Diaz to a one-count Information that charges that Tarrago-Diaz committed conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  If Tarrago-Diaz enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Tarrago-Diaz for conspiracy to commit money laundering, or money laundering, in violation of 18 U.S.C. § 1956, for actions taken by Tarrago-Diaz from in or around March 2018 to in or around November 2019.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Tarrago-Diaz agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Tarrago-Diaz may be commenced against her, notwithstanding the expiration of the limitations period after Tarrago-Diaz signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1956(h) to which Tarrago-Diaz agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Tarrago-Diaz is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Tarrago-Diaz ultimately will receive.

Further, in addition to imposing any other penalty on Tarrago-Diaz, the sentencing judge: (1) will order Tarrago-Diaz to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Tarrago-Diaz to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Tarrago-Diaz, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture pursuant to 18 U.S.C. § 982(a)(2), and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Tarrago-Diaz to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Tarrago-Diaz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Tarrago-Diaz may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Tarrago-Diaz by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the

sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Tarrago-Diaz's activities and relevant conduct with respect to this case.

Stipulations

        This Office and Tarrago-Diaz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Tarrago-Diaz from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

        As set forth in Schedule A, this Office and Tarrago-Diaz waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

        As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(2), Tarrago-Diaz agrees to forfeit to the United States all of her right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offense charged in the Information. Tarrago-Diaz further agrees that the value

of such property was $119,049.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $119,049.00 (the "Forfeiture Amount").  The defendant consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.  The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 8th Floor, Newark, New Jersey 07102.

Tarrago-Diaz waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.  It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Tarrago-Diaz represents that she has disclosed all of her assets to the United States on the Financial Disclosure Statement.  If this Office determines that Tarrago-Diaz has intentionally failed to disclose assets on her Financial Disclosure Statement, Tarrago-Diaz agrees that that failure constitutes a material breach of this agreement, and this Office reserves the

right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Tarrago-Diaz understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization.  Tarrago-Diaz understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Tarrago-Diaz wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States.  Tarrago-Diaz understands that she is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Tarrago-Diaz waives any and all challenges to her guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Tarrago-Diaz.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Tarrago-Diaz.

No provision of this agreement shall preclude Tarrago-Diaz from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Tarrago-Diaz received constitutionally ineffective assistance of counsel.

- 5 -

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Tarrago-Diaz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney


s/ *R. Joseph Gribko*


By:  R. JOSEPH GRIBKO
Assistant U.S. Attorney

APPROVED:

s/ *J. Brendan Day*
_____
J. BRENDAN DAY
Attorney-In-Charge
Trenton Branch Office

I have received this letter from my attorney, Andrea Bergman, Esq. It has been translated for me into Spanish and I understand it fully.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

Agreed and accepted:


*s/ Cynthia Tarrago Diaz*
_____                    Date:   July 23, 2020
Cynthia Tarrago-Diaz



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date:   July 23, 2020
Andrea Bergman, Esq.

- 7 -

Plea Agreement with Cynthia Tarrago-Diaz

Schedule A

1.  This Office and Cynthia Tarrago-Diaz, recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Tarrago-Diaz nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.  The applicable guideline is U.S.S.G. § 2S1.1.

3.  This guideline carries a Base Offense Level of 8 plus the number of offense levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the value of the laundered funds.  U.S.S.G. § 2S1.1(a)(2).

4.  The loss amount was more than $550,000 but not more than $1,500,000.  The offense level is therefore increased by 14 levels.  U.S.S.G. § 2B1.1(b)(1)(H).

5.  The defendant **knew or believed that the laundered funds were the proceeds of, or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical.**  The offense level is therefore increased by 6 levels.  U.S.S.G. § 2S1.1(b)(1).

6.  The defendant was  **convicted under 18 U.S.C. § 1956**.  The offense level is therefore increased by 2 levels.  U.S.S.G. § 2S1.1(b)(2)(B)

7.  As of the date of this letter, it is expected that Tarrago-Diaz will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.  If all of these events occur, and Tarrago-Diaz's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

8.  As of the date of this letter, it is expected that Tarrago-Diaz will assist authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Tarrago-Diaz's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Tarrago-Diaz enters

- 8 -

a plea pursuant to this agreement, (b) this Office in its discretion determines that Tarrago-Diaz's acceptance of responsibility has continued through the date of sentencing and Tarrago-Diaz therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Tarrago-Diaz's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Tarrago-Diaz (the "agreed total Guidelines offense level") is 27.

10.  The parties agree not to seek or argue for any upward or downward departure or adjustment not agreed to in writing between the parties.  The parties reserve the right to seek a variance pursuant to 18 U.S.C. § 3553, and United States v. Booker, 543 U.S. 220 (2005) and its progeny, and to oppose any such motions or requests for a variance.

11.  Tarrago-Diaz knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.